# SUPREME COURT.

ANDREW MONTRAIT agt. EUGENE A. HUTCHINS.

*Irregularity of issuing execution — payment of judgment — contradictory evidence — leave given to sue the judgment.*

On a motion to set aside an execution on the ground that it was issued more than five years from the entry of judgment, without leave of the court, the ground of the irregularity must be stated in the *notice of motion* or *order to show cause*. It is not sufficient if stated in the moving affidavits only.

Where a motion is made by a defendant to cancel and satisfy of record a judgment which he alleges has been fully paid and satisfied to the plaintiff, who, after ten years, has issued execution for the first time to collect a balance consisting of the costs on the judgment, and there is in the affidavits for and against the motion a decided conflict of the evidence as to payment in full, the court, although considering, on the whole, that the preponderance of evidence is in favor of the defendant, will allow the plaintiff to sue the judgment (in a justice's court for a small amount) as a prudential course, that the evidence may be examined and cross-examined in open court.

*Saratoga, Special Term, May 18th, 1875.*

MOTION to have the judgment herein canceled and satisfied of record, on the ground that it has been fully paid, and for general relief.

The judgment was entered in this action on the 27th December, 1864, for $92.45, with $14.95 costs. The moving papers on the part of the defendant state that, about the time of the entry of judgment, the defendant paid to the plaintiff the full amount of the recovery. That he first paid the debt or claim, and soon thereafter paid the costs in full. That after the lapse of ten years, and on the 30th December, 1874, and without leave of the court so to do, execution was issued

with directions to collect $15.90, with interest thereon from the date of the judgment, and that his property has been levied on thereunder.

The answering papers on the part of the plaintiff admit the payment of ninety-two dollars, but deny that any other or greater sum has been paid; and the plaintiff avers that the sum of $15.90, with interest thereon from December 27th 1864, remains due and unpaid. It is not denied that the execution was issued without application to the court for leave so to do.

As regards the alleged fact of payment, the defendant swears that he paid the full amount, both debt and costs, to the plaintiff, and, in support of his assertion, produces two affidavits of persons who swear that the plaintiff told them respectively that the judgment was fully paid and satisfied. The plaintiff denies on oath full payment, and denies that he ever stated, as in the affidavits alleged, that the judgment was fully paid. He also submits three affidavits of persons who swear that the defendant's character is bad, and that they would not believe him under oath.

*A. B. Shepard*, for motion.

*W. B. French & John F. Porter*, opposed.

BOCKES, *J.* — More than five years elapsed after the entry of judgment before the execution was issued. It was therefore irregularly issued, without leave of the court (*Code*, § 284). But this irregularity cannot be urged on this motion, because not specified in the notice of motion (*Rule* 46, *and cases cited in note; Wait's Prac., vol.* 4, *pp.* 638, 639, *and cases there cited*). Nor is it sufficient that the moving affidavits specify the irregularity. The notice of motion, or order to show cause, when the case comes before the court on an order to show cause, should point it out. The execution was not void, but voidable (18 *N. Y.*, 150). The rule (46) has,

Montrait agt. Hutchins.

therefore, application, and the objection to the execution, that it was issued without leave of the court, cannot be here insisted on, because not specified in the notice of motion.

The motion rests on the averment of payment. On this question of fact there is a direct and positive conflict in the proof submitted. The defendant swears unequivocally to the fact of·full and entire payment, and speaks somewhat circumstantially. As to the amount for which the execution issued, $15.90, the plaintiff is equally distinct and emphatic. He denies that such balance has been paid. The defendant is corroborated by two affiants, who say that the plaintiff stated to them that the judgment was fully paid and satisfied.

On the other hand, the plaintiff·assails the defendant's integrity, and furnishes three affiants who state that they would not believe him under oath. The question is, then: With which party is the preponderance of proof on the whole case? On this question I am under the impression that the defendant holds the strongest position. He is corroborated by two witnesses whose integrity is unassailed. They say that the plaintiff stated to them that the judgment was fully paid and satisfied. The plaintiff's denial has no corroboration, but stands upon his individual assertion. Besides, there is the very significant circumstance, wholly unexplained, that ten years were allowed to pass after the entry of judgment before execution was issued for· the balance alleged to be unpaid. This delay called for explanation. None is offered. Here was a delay of execution for a time greatly exceeding the period fixed, by the statute of limitations, as a bar to a simple contract debt. For aught that appears, the defendant had property at all times within reach and subject to execution. Nor does it appear that he produced or sought the delay, or even made any overtures having that object in view. If this alleged balance of $15.90 remained unpaid, the omission to issue execution for its collection for the period of ten years is not a little remarkable. Standing unexplained, this circumstance is quite significant.

Thus, on the one hand, we have: First, the statement of the defendant averring payment; second, two affiants who swear that the plaintiff admitted payment to them; and, third, the unexplained delay of ten years before issuing execution on the judgment. On the other hand, we have only the plaintiff's denial of the alleged payments and admissions of payment. True, he challenges the defendant's integrity by assaulting his character for truth; but whatever effect should be given such assault, when no opportunity is afforded him for vindication, it does not reach or meet the evidence furnished by the admissions of full payment to two unimpeached witnesses, to say nothing of the strange. delay in proceeding to enforce the debt for a period of ten years.

As the case is presented on this motion, the preponderance of proof is in favor of the alleged payment. But it is not well, I think, to bar a party on affidavits, against an asserted claim, fully aware, as I am, of the great importance of a public and open examination and cross-examination of witnesses. It is but right, in my judgment, to allow the plaintiff to sue the judgment in this case for the balance claimed by him to be unpaid, if he shall so elect. Then the parties and witnesses may be confronted in open court. The amount claimed is small, it is true, but the case must be decided on principles the same as if the sum involved was $2,500, instead of about twenty-five dollars only. A reference in similar cases is often ordered, but in this case that would be quite expensive, compared with the small amount claimed.

If the case is to be further litigated, it should be in justice's court in the vicinity of the residence of the witnesses, where, it seems, the defendant also resides, and where the plaintiff frequently visits, as appears from his affidavit.

The order should be that the execution issued herein be set aside, and that there be a perpetual stay on the judgment, with liberty, however, to the plaintiff to sue thereon for the balance claimed, if so advised.

So ordered.