Bockes, J.
This is an appeal from the order of the special term, declaring a judgment paid and satisfied and a lien thereof extinguished; and that it be cancelled of record, and that the execution issued thereon and all proceedings based on the judgment looking to its enforcement, be vacated and set aside.
The judgment was obtained and docketed*in favor of the plaintiff and against the defendant for $6,040.36, on the ninth day of November, 1867. The plaintiff admits that the judgment has been reduced by payments to $3,058.11, but claims the right to enforce it for this sum, with interest; and he had taken proceedings for that i mpose; v heieupon the motion for its cancellation, here under examination, was made.
The affidavits read on the motion were conflicting, indeed were directly and flatly contradictory, upon the question of the alleged payment; and thereupon the special term directed a reference to a referee to take proof of the matter in controversy, and to report the testimony so taken to the court. The reference having been executed and the testimony returned to the court, and the parties having been heard thereon, the order appealed from, above mentioned, was granted and entered.
We have carefully examined all the proof laid before the special term, as well as that contained in the affidavits, as also that returned by the referee, and the question of payment seems still to remain in doubt and uncertainty—just about as much so as it did on the affidavits when the reference was directed. Certainly the question is not settled absolutely and conclusively, or by a clear and decided preponderance of proof one way or the other on all the testimony submitted. Before a judgment of the court, standing of record, can be properly adjudged paid and satisfied, and its cancellation directed on special motion, there should be clear and satisfactory proof of the fact. In case of a conflict of proof it should be so clearly preponderating as that the fact should no longer require argument and inference from the proof in its support. It should be so clearly preponderating as that on the mere reading of the proof, there should remain no reasonable doubt as to the truth of the case, otherwise the parties—one or the other, as the facts of the case should indicate—should be put to a formal action to determine the matter, where the case could be tried on the pleadings, under the rules of evidence applicable to cases *805 tried before a court and jury. The true rule applicable to the case is declared in Hill v. Hermans (59 N. Y., 396), where it was held that when material questions of fact arise in reference to which the evidence is conflicting, a party seeking relief should be left to an action, providing it can be obtained in that form, rather than to determine the question upon .motion and upon ex parte affidavits. The remarks of the learned judge in that case are, as we think, so pertinent and well adapted to this case that they should be here introduced. He says: “ In view of the disposition which we have concluded to make of this motion, we do not deem it necessary or proper to enter upon a detailed examination of the testimony, or to express an opinion upon the questions of fact involved. We have carefully examined the papers, and are satisfied that they present material questions of fact.” And then follows a declaration of the rule to be applied to cases of this character, above referred to, that “when such questions arise and the evidence is conflicting, the better course is to leave the parties to an action, provided relief can be obtained in that form, rather than to decide the question on a motion and on ex pdrte affidavits. See also Montrait v. Hutchins (49, How., 105, with remarks on page 108); also■ Meyer v. Lent (7 Abb. Pr. Rep., 225), and Williams v. Irving (1 Hun, 720). It is true these cases recognize a mode of determining the disputed question by a reference, which course was here pursued. But the suggestion is answered by the fact that the proof taken on the reference in this case does not at all clearly, distinctly and satisfactorily settle the question. The case still remains about and perhaps quite as-much in doubt on the conflicting proof as it did on the affidavits when the reference was directed; and the sound rule laid down in Hill v. Hermans (supra) remains here applicable, that where the material question of fact rests on conflicting evidence, the party seeking relief should be left to his action, provided it can be obtained in that form. But this is not all to be considered in this case. Very much of the testimony taken before the referee is mere hearsay and would be inadmissible on the trial of an action before a court, and jury. No motion, however, was made to expunge this proof, and, therefore, no distinct point of error is presented because of its retention. But it is not unreasonable to infer that such evidence had some influence with the special term, and as we are now determining a matter on the exercise of a fair discretion we should not overlook this fact.
The plaintiff was resisting the claim made against him, that his judgment had been paid or satisfied and cancelled as to such part as had been paid.. His demand was based *806 ón a judgment of the court, and a large sum was involved. Is it then but just, that before his judgment shall be adjudged paid and satisfied on a conflict of testimony, his case should be considered in a formal action in the usual course of trial, and upon admissible evidence, uninfluenced by improper proof. An affirmative answer seems but reasonable, and accords to, with the doctrine of the law as declared in the cases cited. The defendant had at the time the motion was made at special term, as he still has a perfect remedy by action. He might then have had, as he may yet have, a preliminary injunction against the enforcement of the judgment by the plaintiff, if its enforcement would be unjust and illegal for any cause, on complying with the law and practice as to security. So as we conclude, in view of the conflict of evidence laid before the special term on .the question of payment, the motion should have been denied. The order appealed from must therefore he reversed, and the plaintiff' be restored to his rights as they existed at the time it was granted. But it is not a case, as we think, for an allowance of costs against either party.
Order reversed, and motion denied, but without costs, and without prejudice to the defendant’s right to bring an action for the satisfaction of the judgment, or for such relief as he may be advised.
Learned, P. J., and Landon, J., concur.

{Opinion on reargument, filed February, 1887.)

Per Curiam.
This is a motion for a reargument of an appeal from an order. The appeal was argued in September, 1886, and decided in November, 1886. It is unfortunate that the learned justice who wrote the opinion is not now present.
The motion was to cause a judgment of plaintiff against defendant to be satisfied, on the ground that it had been paid. Payment was denied. On the hearing of the motion June 12, 1886, an order was made referring it to a referee “ to take proof of the matters in controversy upon the two motions herein and to report the testimony taken by him to the court on or before the 26th day of June, 1886.” It was also therein ordered that the matter might be brought to a hearing before the referee on two days’ notice, and that the further hearing of the motions be postponed to June 26.
On the 26th of June, the referee reported the testimony taken before him, and thereupon the order was made, on ■hearing of parties, from which an appeal was taken.
On the appeal this court reversed the order and denied the motion to satisfy the judgment without prejudice to the right of the defendant to bring an action for satisfaction of *807 the judgment as was more fully expressed in the opinion then delivered. In brief, this court was of the opinion that the matter in controversy, viz.: The payment and satisfaction of the judgment appeared to be too doubtful to be decided otherwise than by an action.
The defendant now asks for a reargument. And the main ground of his motion is that the reference was practically a trial; that both parties appeared with their witnesses and no objection was calcen to the authority of the court to order a reference nor to the regularity of the practice; that the plaintiff consented to the order of reference and to that disposition of the matter, and was bound by the result and cannot now object.
As to these last grounds we have looked at the case. Motions were made by defendant against plaintiff. He opposed, as he might do. The order of reference does not appear to have been made by his consent, but against his opposition. When it had been made he was necessarily obliged to appear before the referee. To do otherwise would have been to abandon his case. He opposed the granting of the final order. Nothing in any part of these proceedings shows a consent by him to any thing that was done. He was in no way bound by the result, and had a right to appeal from the order and to obtain its reversal if he could.
The other point which is in substance that the plaintiff has had a trial is next to be considered. The answer to this is that there has been no trial in any true sense. The Code, section 1015, authorizes a reference to determine and report upon a question of fact on a motion. No such reference was made. The referee was not "authorized to determine any question. He was merely the scrivener to write down the testimony given by the parties. He made no report on any fact. Whether a reference to take testimony is authorized under the Code we need not say. It is enough that there was not any trial before the referee, as the defendant now claims. And the referee probably considered it to be his duty to take any evidence that the parties offered. Certainly much that was improper was taken.
There was then no trial before the referee. The matter was heard by the special term really upon affidavits. The papers on which he acted were no less affidavits in effect from the fact that they were made before a referee and not before a notary public. A common law trial implies nearly always the production of witnesses before the tribunal which is to decide and the opportunity to object to improper evidence and to review errors of law. On the other hand the summary action of courts upon motion does not require the production of witnesses and the reception of improper evidence is not strictly error.
*808 In the present case there was no trial, but there was the summary action of the court upon motion. It was the opinion of this court that the case was one where the plaintiff should have a trial.
The defendant refers to some cases. Meyer v.Lent, 7 Abb. Pr., 225. But the very words he quotes show the true view. Judge Dekio says: “ The proper order was for a reference to try the question,” etc. Hill v. Hermans (59 N. Y., 376), and Montrait v. Hutchins (49 How. Pr., 105), direct actions. Williams v. Irving (1 Hun, 720), directed a reference to take evidence, thus taking a course similar to that in the present case.
As our order authorizes an action to have the judgment satisfied it does not seem proper to say anything about the merits of the case. But probably none of the counsel would deny that considerable evidence was given which would nob have been relevant or admissible upon a trial of the issue, of the payment or satisfaction of the judgment. Leaving out this objectionable evidence, we thought the defendant had not so established his position that the plaintiff should be deprived of a trial of the issue through the regular forms of law.
Motion for reargument denied.