### GOVE *v.* STEWART *et al.*

(*Superior Court of New York City, General Term.* January 11, 1892.)

1. EXECUTION AGAINST THE PERSON—VACATION.

An order to show cause why an execution against the person should not be vacated and set aside, failed to state the irregularity complained of,—that the execution was issued more than 10 days after the return of the property execution. *Held,* that objection thereto was waived where, on the return-day, plaintiff's attorney, being apprised of the grounds of the motion, was given time to submit affidavits and a brief in opposition, and submitted an affidavit and brief within such time.

2. SAME—DELAY IN ISSUANCE.

In an action brought against a firm of dentists for the negligent act of one, causing a personal injury, a personal execution against the other was not issued until 26 days after the return of a property execution. *Held,* it being a case of great hardship, the execution was properly vacated as not being issued within the 10 days required by Code Civil Proc. § 572.

Appeal from special term.

Action by Emma S. A. Gove against Charles H. Stewart and Samuel P. Sharp for personal injuries caused by alleged negligence. Plaintiff obtained a judgment, and execution was issued thereon and returned unsatisfied, after which a personal execution was issued against Charles H. Stewart. Plaintiff appeals from an order vacating and setting aside such execution. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

*Wilder, Wilder & Lynch,* (*James M. Hunt* and *William R. Wilder,* of counsel,) for appellant. *Butler, Stillman & Hubbard,* (*Edward Kent,* of counsel,) for respondent.

FREEDMAN, J. It may be assumed that within the decisions of *Montrait* v. *Hutchins,* 49 How. Pr. 105, and *Garner* v. *Mangam,* 46 N. Y. Super. Ct. 365, the order obtained by the defendant, requiring the plaintiff to show cause why the execution issued by the plaintiff against the person of the defendant should not be vacated and set aside, was irregular in not specifying the irregularity complained of, to-wit, that said execution had been issued more than 10 days after the return of the execution against the property of said defendant. But I think the plaintiff waived the right to insist upon the objection. True, she raised the point by preliminary objection upon the return of the order to show cause, but the court thereupon instructed the attorney for the defendant to furnish to the attorney for the plaintiff a copy of his brief, showing in detail the grounds upon which the motion to vacate was based, and gave to plaintiff's attorney three days within which to prepare and submit such affidavit and brief as he might desire, and plaintiff's attorney, within the time specified, did submit an affidavit and brief. Under these circumstances a new notice of motion or order to show cause was not necessary, and the plaintiff waived her preliminary objection to the irregularity of the moving papers.

As to the merits, it appeared on the motion that the case was one of great hardship to the defendant. The action was brought against the defendant and one Sharp as copartners engaged in the profession of dentistry, and was founded upon a negligent act done by Sharp, and which caused a personal injury to the plaintiff. The defendant Stewart alone was served and contested plaintiff's claim. The plaintiff having recovered judgment, and having failed to issue execution against the person of the defendant Stewart

within 10 days after the return of the execution against the property, as required by section 572 of the Code, and in fact more than 26 days having elapsed, and the plaintiff's right to issue execution against the person depending solely upon the nature of the action, the court was bound to grant the application to vacate and set aside the execution against the person, unless reasonable cause was shown by the plaintiff why the application should not be granted. Upon this point the case presented a question of fact, as to which both parties submitted affidavits which were conflicting. Upon the whole case it cannot be held that the learned judge committed a legal error in the determination of the fact. Having reached that conclusion, it is not necessary to consider the questions relating to the regularity of the judgment and execution. The order should be affirmed, with $10 costs and disbursements.

All concur.