---

(19 Misc. Rep. 549.)

### In re COE et al.

(Suffolk County Court. February, 1897.)

1. HIGHWAYS—DECISION OF COMMISSIONERS—RIGHT TO APPEAL.
    Resident taxpayers of a town may appeal from a decision discontinuing a highway, though they are not owners of any of the land over which the highway passes.

2. SAME—PROCEEDING TO DISCONTINUE—COSTS.
    Commissioners appointed to determine the uselessness of highways proposed to be discontinued (Laws 1890, c. 568, § 84) have no authority to require the opponents of the application to pay a sum of money in order to be heard in the proceeding.

3. SAME—APPLICATION TO DISCONTINUE—PLACE FOR HEARING.
    In a proceeding to discontinue highways, the commissioners appointed to determine the uselessness of the highways proposed to be discontinued (Laws 1890, c. 568, § 84) may select any place in the town where the highways are located for the hearing of the application.

4. SAME—SUFFICIENT FINDING TO SUSTAIN JUDGMENT.
    The finding of commissioners appointed under Laws 1890, c. 568, § 84, that two highways are "not necessary," does not sustain their decision discontinuing them, since section 86 requires the commissioners to determine that the highway proposed to be discontinued is "useless."

Application of Henry E. Coe and Walter Jennings for the discontinuance of portions of two highways in the town of Huntington. Motion to confirm, and cross motions to vacate and modify, the decision of the commissioners discontinuing the highways. Vacated.

Thomas Young, Edward R. Ackerly, and George C. Hendrickson, for the motion to confirm.

Willard N. Baylis and Allison E. Lowndes, for the motion to vacate and modify.

REEVE, J.    This proceeding has been brought by the applicants. for the discontinuance of portions of two old highways in the town. of Huntington.    The commission has been duly appointed in the matter, and, after taking the testimony of the various parties, has decided in favor of the application.    The applicants now ask that the decision of the commissioners be confirmed, under section 89. of the highway law; and the opponents of the applicants ask that the decision of said commissioners be vacated, and that the court order another hearing in the matter before other commissioners. It is claimed that the decision should be vacated for the following: reasons:    First, that the commissioners exceeded their authority. and showed prejudice in obliging the opponents to pay $25 in order to be heard, and also in declining, upon numerous applications of opponents, to have a hearing in Cold Spring Harbor; second, that, upon a review of the undisputed evidence, the roads. sought to be discontinued are not useless, and in any event the weight of evidence is overwhelmingly in favor of the old roads. It is also claimed that the opponents have an interest in this proceeding, and a right to be heard.    Other reasons are given why the decision of the commissioners should be vacated, but we do not think it necessary to discuss them here.

We will take up the first question,—whether the opponents have a right to be heard on this appeal.    It is the opinion of this court that they have.    People v. Cortelyou, 36 Barb. 164, referred to with approval in People v. Harris, 63 N. Y. 391–396; People v. Temple, 27 Hun, 128; Cooke, Highw. (7th Ed.) 302.    The. latter authority reads:

"The right to appeal from an order, made by commissioners of highways, laying out a public highway, is not restricted to those persons over whose lands the road is proposed to be laid, and may be exercised by every person who is a resident taxpayer of the town, and as such liable to assessment therein for highway labor."

If a resident taxpayer of the town has a right to appeal from. an order laying out a public highway, it follows, as a natural conclusion, that a resident taxpayer should also have the right to appeal from a decision discontinuing an old highway.    If such be not good law, then any wealthy person, by buying up the land upon both sides of an old highway, can take a proceeding to have it discontinued, and all taxpayers who do not own lands on either side of the highway proposed to be discontinued would be prevented from being heard before the commissioners or upon an appeal. These appellants own property which undoubtedly is affected by the discontinuance of these two highways, and, without doubt, are entitled to have their day in court.

This court is also of the opinion that the commissioners exceeded their authority, but did not intend to show prejudice, in obliging the opponents to pay $25 in order to be heard.    We do not think that the commissioners intended to act in bad faith.    At the same time, the opponents were entitled to be heard without having to pay for the privilege.

The court is of the opinion that the commission had the power to decline the application of the opponents to have a hearing at.

Cold Spring Harbor.    Both Cold Spring Harbor and Huntington, where the hearings were held, are within the town of Huntington, where the two highways proposed to be discontinued are located. It is usual in such cases to have the hearings as near to where the highways proposed to be laid out or discontinued are located as possible; but there is nothing in the statutes, nor in the decisions of the courts, which compels the commissioners to have the hearings at any particular place in the town where the highways are located.

. We now come to the vital question at issue, viz. are the two highways proposed to be discontinued practically useless?    In this proceeding the evidence shows that the applicants proposed to give to the town another highway, situated further to the south than the other two proposed to be discontinued, providing the applicants succeed with their present application.    Nevertheless the court is of the opinion that the weight of testimony should show that both of the highways proposed to be discontinued are useless, before highways which have been used by the people for years, and which lead to the shore of the harbor, should be discontinued. Section 86 of the highway law, being found in chapter 19 of the General Laws, which is chapter 568 of the Laws of 1890, uses the word "useless" in relation to the discontinuance of highways.    An examination of the testimony shows that nearly all the witnesses for the applicants simply gave an opinion that the proposed new road would be better than one of the old roads.    They did not undertake to show that the old roads were useless, and in fact there is no evidence to that effect.    It was not the duty of the commissioners to determine between several highways which were used more or used less.    The only thing they were to decide in this proceeding was whether or not these old highways were useless.    Only two of the witnesses for the applicants, namely, Mr. Coe, a party in interest, and Mr. Darling, an engineer in his employ, give any reasons or facts upon which their opinions are based.    The court is of the opinion that in all cases for the discontinuance of old highways the weight of evidence must show that the highway proposed to be discontinued is useless.    In this proceeding the weight of evidence fails to show that these two highways are practically useless, and the decision of the commissioners does not say so; the decision of the commissioners being that they are not necessary.    The court is of the opinion that the word "useless" should be used in such a case, instead of the words "not necessary."    Therefore the decision of the commissioners is ordered vacated, and another hearing in this proceeding is ordered before other commissioners, who will be named in the order.    No costs are allowed.

Decision of commissioners vacated, and new hearing ordered before other commissioners, without costs.