(45 Misc. Rep. 244.)

## In re TRASK et al.

(Supreme Court, Special Term, Montgomery County. November, 1904.)

1. HIGHWAYS—APPLICATION TO DISCONTINUE.
    That an application for discontinuance of a portion of the highway under Highway Law, Laws 1890, p. 1193, c. 568, § 84, describes a larger part of the highway than the applicant on the hearing seeks to have discontinued, does not render the application invalid.

2. SAME—PROCEDURE.
    Where an application under Highway Law, Laws 1890, p. 1193, c. 568, § 84, describes a greater portion of the highway than applicant asked at the hearing to have discontinued, he is entitled as a matter of right to have the commissioners determine as to the part which he seeks to have discontinued, and, if they refuse to consider it, and deny the application, the report will be sent back to have the omission supplied.

3. SAME.
    Highway Law, Laws 1890, p. 1193, c. 568, § 84, authorizing the discontinuance of a highway as "useless," means "practically useless," and not "absolutely useless."

In the matter of the application of Spencer Trask and another for the discontinuance of a highway. Motion to confirm report to commissioners. Matter returned to commissioners for certificate.

John L. Henning, for John M. Eddy, contestant.
Edgar T. Brackett, for Spencer Trask, applicant.
Frank Gick, for highway commissioners.

SPENCER, J. This is a motion by the contestant to confirm the decision of commissioners in proceedings to discontinue a highway, the decision being adverse to the application. The applicant Trask appears, and moves the court to vacate the decision and direct another hearing before the same or other commissioners, on the ground that the commissioners declined to make a determination as to a part of the highway described in the petition. I think the commissioners took too narrow a view of their jurisdiction. It is true the application describes more of the highway than is now sought to be discontinued, but I do not regard this as fatal to the application, inasmuch as there can be no claim that any one has been misled. It may be assumed that the commissioners had no power to discontinue any part of the highway not described in the application, but I think a contrary rule applies when the applicant upon the hearing seeks to discontinue only a part of that which he has described. The maps presented disclose clearly

the situation. Union avenue and Nelson avenue are two highways leading to the village of Saratoga Springs. At some distance from the village they are intersected by the cross-road in question. At its junction with Nelson avenue the cross-road has two branches, making a figure somewhat similar to the letter "Y." In describing this highway, the applicant included only the stem and one branch. It appears now to have been his intention to ask the discontinuance of the branch described, and not of the stem. The question to be determined by the commissioners is whether the highway described, or any distinct part thereof, is useless; and in determining this question it is necessary that they should consider the entire situation, including not only the entire cross-road, with its branches, but the avenues as well; and, if the public service will be as well conserved by the use of one branch as with both, then one or the other may be regarded as useless. Thus, if two highways are parallel, though both may be used by the public as accident or convenience may occasion, nevertheless, if one will subserve the public use substantially as well as both, then the maintenance and support of two highways in place of one may be regarded as a waste of public funds, and one of them may be regarded as devoted to a useless purpose.

I do not agree with contestant's counsel that section 84 of the highway law is a straight-jacket limiting the commissioners to the exact description contained in the application. Laws 1890, p. 1193, c. 568. In laying out highways the statute does not contemplate that the exact lines and boundaries of the proposed highway shall be described in the application, and it is only in connection with the decision of the commissioners that a survey of the road is required. The commissioners make the survey and prescribe the limits and extent of the highway laid out. The same practice, I think, should prevail in applications to discontinue. The application may specify in general terms the highway, and the commissioners, in rendering their decision, may determine the exact boundaries of the part discontinued. I think, as both proceedings to lay out and to discontinue constitute part of the same section, the practice in one may be assumed to correspond substantially with the practice in the other. The expressions "proposed highway" in the clause for laying out highways, and the expression "highway proposed" in the clause for the discontinuance of highways, are employed in the same connection; and, if the strict construction contended for by the contestant must prevail in the latter, then it should in the former, and this we see is not the case.

I note also what contestant says in respect to the use of the expression "useless," and have examined the authority to which he refers. Matter of Coe, 19 Misc. Rep. 549, 44 N. Y. Supp. 910. It is the duty of the court to so construe the words of a statute that it will accomplish, and not defeat, the purpose for which it was clearly intended. The term "useless" is seldom employed in its absolute sense. So to do in this instance would reduce the statute to an absurdity, and make highways, like the laws of the Medes and Persians, forever irrevocable. That the term should be regarded as employed in its qualified meaning is made evident, I think, by the use of the expression "practically useless" by the learned judge in the decision cited by the contestant, and is, I think,

an authority that the uselessness of the highway must be a practical uselessness, and not an absolute one. Hence the test is not whether any use is in fact made of the part of the highway sought to be discontinued, but whether the part remaining after the discontinuance will or will not subserve every practical public purpose that is now subserved by both.

I am therefore of the opinion that the matter should be sent back to the commissioners for a certificate as to the branch of the highway which leads through the lands of the applicant, as requested by him. Upon the argument it was stated by the court that, if the matter were sent back, it must be upon terms. After considering the subject more carefully, I have come to the conclusion that no terms should be imposed, as I am of the opinion it was a matter of right on the part of the applicant to have a determination in regard to that part which he claims should be discontinued. Let an order be made sending the matter back to the commissioners for a further hearing and determination, without costs.

Ordered accordingly.