In re HOWLAND.

(Ontario County Court. February 21, 1908.)

1. HIGHWAYS—VACATION—DECISION—MOTION TO SET ASIDE—NOTICE—CONTENTS.

Under Highway Law, Laws 1890, p. 1194, c. 568, § 89, requiring motions to vacate the decision of the commissioners in a proceeding to vacate a highway to be made on service of papers on adverse parties in proceedings in court according to the usual practice of the court, and General Rules of Practice, 37, requiring the notices of motion on the ground of irregularity to specify the irregularity complained of, the irregularities relied on in a motion to vacate the commissioners' decision must be stated in the notice of motion as well as in the affidavits.

2. SAME—DISCONTINUANCE—ABANDONMENT—GROUNDS.

Under section 86 of the highway law (Laws 1890, p. 1194, c. 568), providing that a highway may be discontinued when a majority of the commissioners shall determine that it is useless, a highway should be discontinued where it is substantially abandoned by the general public, or where some other highway will better accommodate the public.

3. SAME—VACATION—PROCEEDINGS—COMMISSIONERS' DECISION—REVIEW BY COURT.

In a proceeding to discontinue a highway, the amount of damages allowed will not be changed on motion to set aside the commissioners' decision, in the absence of any suggestion of misconduct on the part of the commissioners.

Application by William H. Howland to discontinue a highway. Motion by Albert C. Merritt to vacate a decision to discontinue the highway. Denied, and decision affirmed.

W. C. Ellis, for petitioner.
F. A. De Graw, for contestant Merritt.

KNAPP, J. This proceeding was commenced under section 83 of the highway law (Laws 1890, p. 1193, c. 568) for the discontinuance of a portion of an old highway in the town of Manchester, which crosses the Canandaigua outlet at the hamlet of Manchester Center, and includes but little more than the bridge over said outlet, which has heretofore been maintained as a part of said highway at the expense of the town. Upon the application of the petitioner three commissioners were appointed, as provided by section 84 of the Highway Law, and the said commissioners proceeded to give the notice required by the statute, and a large amount of testimony was taken bearing upon the question of whether that portion of this highway is, within the meaning of the statute, useless and unnecessary, as far as the public is concerned. At the several hearings before the commissioners the contestant, Mr. Merritt, appeared in person and by his attorney, and several witnesses were sworn in his behalf, particularly upon the subject of damages, which he claims he will suffer if said highway is discontinued. It appears

that he is the owner of a gristmill upon the east side of the outlet in question, and that he has been accustomed to use this bridge for the purpose of going to the west end of his mill dam in making repairs to the same, but in order to reach that portion of his dam he was obliged to cross over private property. After hearing all the testimony, two, a majority, of the commissioners, rendered their decision to the effect that that portion of the highway sought to be discontinued is of no use to the general public, and is useless as a public highway, and determining that it should be discontinued pursuant to the prayer of the petitioner. They assess damages to the property owned by Delia Douglas and Melzer Aldrich, in the sum of $375, to Mercy Rose $100, Edmund Smith $150, and Charles Southworth, with Rufus Smith, mortgagee, $600, but declined to allow any damages to Mr. Merritt, and certain of the others, who were also made parties to the proceeding. This decision was filed, and within 30 days thereafter Mr. Merritt, by his attorney, moved to vacate the same under section 89 (page 1194) of the highway law, and the notice of motion states that the "application will be made upon said decision, and the notice of hearing served on Adelbert C. Merritt herein, and the affidavit," which is attached to the notice of motion. The contestant in his affidavit alleges a want of jurisdiction on the part of the commissioners and irregularities in the notice of hearing.

As jurisdictional questions affecting the subject-matter can be raised at any time, I conclude that the petition in this matter is entirely sufficient to confer upon the court jurisdiction to appoint commissioners, and that their proceedings thereafter were regular. Irregularities, however, cannot now be considered, as the irregularities complained of in the affidavit are not stated in the notice of motion as required by rule 37 of the general rules of practice. It is not sufficient to state supposed irregularities in the moving affidavit only. German American Bank v. Dorthy, 39 App. Div. 166, 57 N. Y. Supp. 172. The contestant also claims that the undisputed evidence shows that this highway is occasionally used by the public, and that, therefore, it cannot be said to be absolutely useless, and cites with confidence the Matter of Coe, 19 Misc. Rep. 549, 44 N. Y. Supp. 910. I think the decision in this case can no longer be regarded as an authority, for it is contrary, in my judgment, to the reasonable interpretation of the statute. Section 86 of the highway law provides, in case of the discontinuance of a highway as useless, that the commissioners "shall assess all damages, which may be required to be assessed by reason thereof." Manifestly, if the word "useless" is to be taken here in its absolute sense rather than in its relative sense, there could be no damages, and the statute giving the commissioners power to assess damages would be needless verbiage. I take it to mean that when the commissioners determined that such highway, or portion thereof, is substantially or practically useless, some other highway reaches the same points and better accommodates the public, and that the public can have no occasion to pass over this highway, except possibly

mere fancy, and, where it has been substantially abandoned as a highway by the public, it is their sworn duty to certify that it is "useless" and should be discontinued. In the Matter of Trask, 45 Misc. Rep. 244, 92 N. Y. Supp. 156, the Coe Case is reviewed, and the reasoning of the judge who wrote that opinion commends itself to me, and I believe that such interpretation will give effect to, and not defeat, the purpose for which the statute is clearly intended.

The only remaining question to be determined upon this motion is whether the commissioners were justified in refusing to allow to Mr. Merritt any damages by reason of the proposed discontinuance of this highway. This is a contested question of fact; and is not only to be determined by verbal testimony of witnesses produced upon both sides, but by the observation and experience of the commissioners who viewed the premises, and must be deemed to have taken into consideration all of the circumstances affecting the rights of the other parties to the proceeding. It is not to be assumed that they made any unjust or unfair discrimination against him, his property, or his claim. It may well have excited in the minds of the commissioners some feeling of incredulity as to the good faith of Mr. Merritt and his witnesses when they placed his damages at sums varying from $1,200 up to $3,400. Mr. Merritt testifies that his property is worth $4,000 as it is, and, if the highway were discontinued, it would not be worth to exceed $600. It is inconceivable how such extravagant statements can be justified, except upon the theory that, the larger the claim made, the larger will be the allowance, even though the full amount is not expected. As above stated, the commissioners must be deemed to be the best judges of the facts and circumstances surrounding this case, and the position of Mr. Merritt with reference thereto, and except in a clear case of abuse of power, or apparent unjust and unfair discrimination against the party, I think their decision ought not to be disturbed. It is impossible for me, even with all the evidence before me, to say, according to my own judgment, whether the commissioners were actually justified in their conclusion as to Mr. Merritt, or not, and, in the absence of any suggestion of misconduct on their part and believing them to be fair-minded men of sound judgment, I must adopt their conclusion that Mr. Merritt is not, in the sense contemplated by the statute, damaged by the discontinuance of this highway.

The motion to vacate the decision of the commissioners is therefore denied, and their decision is confirmed.